In the Matter of MARY VINING BRASSEL (Admitted as MARY M. VINING), Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 12, 1986

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Leslie S. Evans* of counsel), for petitioner.

*Cawse & Birmingham (Richard F. Birmingham* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to the practice of law by this court on March 31, 1943, under the name of Mary M. Vining. In this proceeding to discipline the respondent, the petitioner moves to confirm the report of the Special Referee and the respondent cross-moves to confirm in part and disaffirm in part said report.

The respondent was charged in this proceeding with professional misconduct in that she neglected an estate matter entrusted to her to the prejudice of the estate beneficiaries. The Special Referee sustained this charge and found that after the respondent was retained in 1979 she failed to take steps to promptly resolve an estate matter, and that even considering the respondent's efforts to sell certain estate real property and to trace the family tree, the six-year period from June 1979, when the respondent was retained, to June 1985, when letters testamentary were issued, was an inordinate period of time.

After a review of all of the evidence, we are in full agreement with the report of the Referee. The respondent is guilty of the professional misconduct set forth above. The petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied to the extent that it seeks to disaffirm said report in part.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the respondent's more than 42 years of practice as well as the fact that the delay in the estate matter was not deliberate nor was it for personal gain. On the other hand, the respondent has received letters of admonition and caution in the past for similar neglect of legal matters. Under these circumstances, a formal sanction is required. Accordingly, the respondent should be, and hereby is, censured for her misconduct.

MOLLEN, P. J., MANGANO, GIBBONS, WEINSTEIN and RUBIN, JJ., concur.